STATE of Oklahoma ex rel. Mac Q. WIL-LIAMSON, Attorney General of the State of Oklahoma, Plaintiff,

v.

COMMISSIONERS OF THE LAND OFFICE OF THE STATE of OKLAHOMA, and Raymond Gary, Andy Anderson, A. S. J. Shaw, Oliver Hodge and Harold Hutton, Members, Defendants.

No. 36986.

Supreme Court of Oklahoma.

Sept. 18, 1956.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., for plaintiff.

R. H. Dunn, A. M. DeGraffenried, Oklahoma City, for respondent Commissioners of the Land Office.

B. E. Harkey, Don Anderson, Oklahoma City, amici curiae on behalf of Oklahoma Education Assn.

WELCH, Justice.

Petitioner directs attention to Section 32, Article 10 of the Constitution, adopted April 5, 1955, which provides:

"* * * any royalties, bonuses, rentals, or other monies derived from oil and gas leases on lands that have been or may be granted by the United States to the State for the use and benefit of the common schools, or lands that are or may be held by the Commissioners of the Land Office for the use and benefit of the common schools, the proceeds of the sale of easements, improvements and sand and gravel on any such lands, the proceeds

of all property that shall fall to the State by escheat, penalties for unlawful holding of real estate by corporations, and capital gains on assets of the permanent school fund; * * *."

shall be deposited in the "State Public Common School Building Equalization Fund" and that said fund "shall be used to aid school districts in acquiring buildings". Also our attention is directed to Section 3 of House Bill 964 of the Twenty-fifth Oklahoma Legislature, of effective date of May 31, 1955, 70 O.S.Supp. 2A–4, subd. 27, which contains provision, among others, identical with the above stated provisions and further provides it is the "* * * mandatory duty of * * * the Commissioners of the Land Office" to deposit such revenues and proceeds derived from the sources mentioned, in the said State Public Common School Building Equalization Fund.

Petitioner states the above stated parts and provisions of said Section 32, Article 10 of the Constitution, and Section 3 of House Bill 964, are invalid by reason of conflict and contravention and violation of the Oklahoma Enabling Act, Act of Congress, June 16, 1906, 34 U. S. St. at Large pp. 267–278, O.S.1951, p. 32. And Article XI, § 1 of the Oklahoma Constitution, and that a compliance with the aforesaid invalid provisions of the State Constitution and statutes, and with contravention of the terms of the grant of lands and the permanent school fund under the Enabling Act, might result in a loss to the State.

Petitioner avers that defendants will, unless enjoined by this court, carry out the aforementioned provisions of the 1955 Constitutional Amendment and Legislative Act, and will deposit said revenues mentioned therein in the State Public Common School Building Equalization Fund to be used to aid school districts in acquiring buildings under regulations prescribed by the State Board of Education, and contrary to the provisions of the laws of the United States as contained in the said Oklahoma Enabling Act, and in violation of said

Article XI, § 1 of the State Constitution, and that plaintiff has no adequate remedy at law to prevent defendant from so doing.

Petitioner asks this court to issue its order enjoining defendants, and each of them, and their agents and employees, from depositing said revenues derived from the sources mentioned, in the State Public School Building Equalization Fund.

The defendants have filed response to the petition of the plaintiff stating the provisions of the said 1955 Constitutional Amendment and Legislative Act and asserting that the provisions thereof are not in contravention of, or in conflict with, any other provisions of the State Constitution or the Enabling Act as passed by Congress, and that said defendants in compliance with a mandatory duty imposed by Section 3 of said State Legislative Act are now holding funds mentioned therein and will pay the same, together with future such funds, to the State Public Common School Building Equalization Fund as required under said Act, unless directed by this Court to do otherwise.

In the name of Oklahoma Education Association a brief Amicus Curiae has been filed.

The Enabling Act, Act of Congress, June 16, 1906, in Section 7, provides:

"That upon the admission of the State into the Union sections numbered sixteen and thirty-six, in every township in Oklahoma Territory * * * are hereby granted to the State for the use and benefit of the common schools * * *.

"There is hereby appropriated * * the sum of five million dollars for the use and benefit of the common schools of said State in lieu of sections sixteen and thirty-six, and other lands of the Indian Territory. * * * Said appropriation of five million dollars shall be held and invested by said State, in trust, for the use and benefit of said schools, and the interest thereon shall be used exclusively in the support and maintenance of said schools * * *."

Section 8 thereof provides that certain described lands are hereby reserved and granted to said State for the use and benefit of certain institutions of higher education; "Provided, That the said lands so reserved or the proceeds of the sale thereof shall be safely kept or invested and held by said State, and the income thereof, interest, rentals, or otherwise, only shall be used exclusively for the benefit of said educational institutions."

Said Section 8 further provides:

"Where any part of the lands granted by this Act to the State of Oklahoma are valuable for minerals, * * gas and oil * * * the same may be leased * * *. The leasing shall require * * * in each case a fixed royalty to be paid by the successful bidder, in addition to any bonus offered for the lease, and all proceeds from leases shall be covered into the fund to which they shall properly belong, * * *."

Section 9 of the Enabling Act provides:

"That * * * said lands * * * herein granted for the support of the common schools, * * * may be appraised and sold * * * under such rules and regulations as the legislature of the said State may prescribe, * * * the proceeds to constitute a permanent school fund, the interest of which only shall be expended in the support of such schools."

Thus in the Enabling Act whereby the certain federal lands were granted to the State for the particular uses set forth, the Congress expressly declared that upon a sale of the lands granted for the use and benefit of certain educational institutions, the proceeds of the sale shall be safely kept or invested and held by the State, and the income thereof only shall be used for the benefit of said educational institutions; that upon a sale of the lands granted for the support of common schools,

the proceeds to constitute a permanent school fund, the interest of which only shall be expended in the support of such schools.

In reference to the foregoing provisions of the Enabling Act and in particular notice of the second paragraph of Section 8, above quoted, we have heretofore expressed the view and held that the Congress clearly expressed the intendment that proceeds derived from oil and gas leases on the granted lands should be held by the State as permanent trust funds, with only the interest or income derived from investments of the trust funds to ever be spent, and that for the benefit of the common schools and respective educational institutions; and that Congress contemplated a diminution of the corpus of the granted lands with the leasing of said lands for oil and gas mining, and intended that all funds derived from oil and gas leases, in like manner as proceeds from a sale of the lands, shall be deposited to the permanent funds with the earnings from said funds only to be expended for the uses and purposes designated in the grant of said lands. School Dist. No. 23 of Okfuskee v. Commissioners of the Land Office, 166 Okl. 226, 27 P.2d 149; Board of Commissioners of Woods County v. State ex rel. Com'rs of Land Office, 125 Okl. 287, 257 P. 778, 53 A.L.R. 1128.

Under the foregoing interpretation of the Enabling Act, and which construction we here re-affirm, there is no doubt that a deposit of monies derived from oil and gas leases on the aforesaid granted lands to a fund to be expended as current revenues of the State, and as authorized and commanded under Section 32, Article 10 of our State Constitution, and by House Bill No. 964 of the Twenty-fifth (1955) Oklahoma Legislature, will violate the terms of the Enabling Act, an Act of Congress.

The Constitution of the United States, in Article VI, provides:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby * * *."

The Oklahoma Education Association, in Brief Amicus Curiae, argues that the conditions here involved, as affixed by Congress as a condition in the admission of the State and in the Enabling Act, are without validity and efficacy after statehood, in that there is no power in Congress to prescribe any such conditions operating to limit in the future the legislative powers of a new state over matters in their nature confined exclusively to the states as a part of their sovereign powers; that the establishment, maintenance and promotion of schools throughout the State is a matter of state concern and power and an exercise of sovereignty in a field reserved to the States, and that the Federal Government has no delegated powers in such field.

We are cited the case of Coyle v. Smith, 221 U.S. 559, 31 S.Ct. 688, 55 L.Ed. 853, 855, wherein was involved a provision of the Enabling Act naming Guthrie as the Capitol City of the new State, and providing the said seat of government should remain at Guthrie until 1913, when in fact the State came into the Union in 1907, and thereafter and before 1913 the people of the State had voted to change the location of their seat of government. It was held that the power of Congress to designate a Capitol City of a State exists only with respect to the power of Congress to name the conditions of the admission of a new State, and after admission such is not a subject of congressional legislation; that each state is admitted to the Union upon an equal footing with the original states, and each state by virtue of her jurisdictional sovereignty as a State may determine the location of the local seat of government; that such residuum of sovereignty was not delegated to the United States by the Federal Constitution.

Other cases are cited declaring this principle; that is the lack of power in Con-

gress to restrict or interfere with the exercise of the sovereign political powers reserved to the States respectively, or to the people.

Herein, there are involved conditions affixed by Congress in the Enabling Act which pertain to proprietory rights of the United States and the placing of restrictions upon the disposition of the property of the United States being placed in trust with the State, as distinct from conditions qualifying political rights of the new State. We do not perceive a limitation or restriction on the State in the exercise of its sovereign powers in the advancement of education or of schools in the terms of Enabling Act. We see therein only regulations touching the care and disposition of properties granted in trust to the State by the Federal Government.

It has been held by the highest authority that congressional regulations in an enabling act remain in force after admission of the State into the Union if the subject is one within the regulating power of Congress. United States v. Sandoval, 231 U.S. 28, 34 S.Ct. 1, 58 L.Ed. 107.

We hold the regulations in the Oklahoma Enabling Act herein mentioned and touching the care and disposition of the federally granted lands and the proceeds to be derived therefrom by the sale of any part or portion thereof, and including the sale of oil and gas leases thereon, are within the regulating power of Congress, and accordingly that said regulations exist as valid laws of the United States, which may not be modified, restricted or changed by an Act of the Oklahoma Legislature or the people of Oklahoma in amendment of the Oklahoma Constitution.

The respondents, the defendants herein, are hereby ordered, directed and enjoined from acting pursuant to the provisions of Section 32, Article 10 of the Oklahoma Constitution, and House Bill 964, Act of the Twenty-fifth Oklahoma Legislature, as herein held invalid and in conflict with terms of the Oklahoma Enabling Act, and respondents are directed to deposit any monies derived from the sale of any portion or part of the lands mentioned in the Oklahoma Enabling Act or derived from sale of oil and gas leases on said lands into the respective permanent fund held by the State and from which only the interest or earnings of said fund may be expended in benefit of the common schools or respective institutions of higher education of the State, as the case may be.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.